EASTERLING *v.* STATE, 35 Miss. Rep., p. 210.

ILLICIT RETAILING OF INTOXICATING DRINKS.

The rule of evidence is, that when a fact is peculiarly within the knowledge of one of the parties, so that he can have no difficulty in showing it, the presumption of innocence or of acting according to law does not render it incumbent on the other side to prove a negative.

When there is nothing in the record to show what number of persons constituted a grand jury, and nothing to show that the persons summoned and sworn were not residents of the county, it will be presumed, in support of a judgment, that the grand jury was composed of a lawful number of lawfully qualified persons.

The foreman of a grand jury whose name was Lazarus J. Jones indorsed a bill of indictment by his signature L. J. Jones, and it appearing that he was in fact the same person, the indorsement is held sufficient.

An incomplete, defective, or void judgment at one term of the court upon a verdict of guilty may be treated as a nullity, and the proper judgment and sentence rendered and entered at the next term; and until the proper judgment and sentence shall be so made, the defendant will be regarded as continuing in custody of the law.

Error to Jasper circuit court. WATTS, J.

*George L. Potter,* for plaintiff in error,

Cited, Chitty's Cr. L., 283*a* and 556.

*T. J. Wharton,* attorney general.

HANDY, J.:

This was an indictment for retailing spirituous liquors without license.

1. A motion was made in the court below to quash the indictment on several grounds : 1st, Because the grand jury consisted of more than eighteen persons ; 2d, Because it does not appear that they were residents of the county ; 3d, Because the indictment is not indorsed by Lazarus J. Jones, the foreman of the grand jury, but by the name of L. J. Jones. This motion was overruled, and that is assigned for error.

As to the first ground of the motion, there is nothing in the record to show what number of persons constituted the grand jury ; and it must, therefore, be presumed, in support of the judgment, that the objection was not well founded in point of fact. 2d, The indictment shows that the grand jurors were summoned and sworn to inquire in and for the body of the county, etc. In the absence of all evidence tending to show that they were not residents of the county, it must be presumed that they were duly summoned from the body of the county, and were competent to act as grand jurors. 3d, It does not appear by the record, or by any evidence, what was the name of the foreman of the grand jury ; and it will therefore be presumed that the court acted properly in overruling this ground of objection. But even if true in point of fact, the objection is frivolous ; for although the name of the foreman was Lazarus J. Jones, yet it was competent for him to indorse the bill under his signature of L. J. Jones, if, as appears to be conceded, he was one and the same person.

2. Upon the trial, the court instructed the jury that it did

not devolve upon the state to prove that the defendant had no license; but if he relied upon a license to excuse his selling by retail, it was for him to prove that he had the license; and refused to instruct, at the instance of the defendant, that, unless the state had proved that the defendant had no license, the verdict should be for the defendant.

These rulings were excepted, but they are clearly correct. The rule is, that when a fact is peculiarly within the knowledge of one of the parties, so that he can have no difficulty in showing it, the presumption of innocence, or of acting according to law, will not render incumbent on the other side to prove the negative. Roscoe's Crim. Ev., 72 (2d edit.). And where a party was convicted of selling ale without license, upon mere proof that he had sold ale, and there being no proof that he had sold without license, the conviction was sustained, on the ground that the prosecution need not prove the negative averment; because, if there was a license, it was within the knowledge and power of the defendant, and could be immediately produced; whereas, the proof could not be made by the prosecutor without inconvenience. Gening v. The State, 1 McCord, 573.

3. The case was tried at September term, 1857, and the jury returned a verdict against the defendant. The record shows that the court thereupon rendered judgment against him for ——— dollars and the costs of the prosecution. At the next term the district attorney moved the court that judgment be entered against him for twenty-five dollars, and that he be imprisoned in the county jail for one week; that being the judgment of the court at the previous term, but the same not having been entered of record by the clerk. The defendant being in court in person, the court ordered the judgment to be entered accordingly. It is now objected that this is error.

After the verdict was returned, it was the duty of the court to render judgment against the defendant for the penalty prescribed by law; and until that was done, the defendant was not discharged from the custody of the law, and the jurisdiction of the court was not at an end. It is manifest here that the essential thing required by law had not been done—an award of the punishment prescribed by law for the offense; and that the ver-

dict stood at the term·at which it was rendered without a judgment. The judgment purporting to be rendered was without substance, and the judgment of the law remained to be· pronounced. It was therefore competent for the court, at the next term, to render judgment upon the verdict for the penalty prescribed by law. It is not the case of a judgment merely ·erroneous, but of one without substance, and void.

Judgment affirmed.